UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
7:16-CV-252-FL

| | |
|---|---|
| NANCY KERNS STRICKLAND, )<br>           Plaintiff, )<br>                    )<br>v.                    )<br>                    )<br>                    )<br>ANDREW M. SAUL, )<br>Commissioner of Social )<br>Security Administration )<br>           Defendant. )<br>_____ ) | ORDER |

This matter is before the Court on Plaintiff's attorney, William L. Davis, III, Motion for attorney's fees. After consideration of the parties' arguments and evidence, this Court has decided to GRANT Plaintiff's attorney's motion.

An award of attorney's fees in Social Security cases is governed by 42 U.S.C. § 406(b)(2) which provides that, "the court may determine and allow as a part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…."

Due to the Plaintiff's attorney legal representation, a favorable court ruling was obtained for Claimant, and she was awarded a lump sum back payment for social security disability benefits. The contract agreement between the Claimant and her attorney provides for a contingency fee of twenty-five (25%) percent of the lump sum back benefits to be paid out of back benefits if she was awarded as Social Security benefits.

Contingent fee contracts may be used as a basis by which attorney fees are set for attorneys who successfully represent Social Security Claimants in Federal Court. 42 U.S.C.A § 406(b)(2) serves as an independent check to assure the fees are reasonable in a particular case Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817 (2002). Contingent fee contracts are unenforceable if the fee arrangement exceeds twenty-five (25) percent of the past due benefit. Id.

Under Gisbrecht v. Barnhill, contingent-fee agreements are the primary means by which fees are set for successfully representing Social Security benefits claimants in court. District Courts merely reviews such arrangements to assure they yield reasonable results in particular cases. Id. Such arrangements are also limited by the statutory maximum fee of 25 percent of the total past-due benefits to which the claimant is entitle by reason of a favorable judgment. 42 U.S.C. 406(b). As examples, a contingent fee might be reduced if the attorney was responsible for a delay in benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case. Gisbrecht, 122 S.Ct. at 1828.

In the present case the attorney for Plaintiff instituted this action after her attorney, at the Administrative Law Judge level withdrew after the Administrative hearing. The Government answered the complaint, alleging that there were no errors by the Commissioner and the Plaintiff was not disabled. The Plaintiff's attorney agreed to take the case on a contingent-fee basis of 25 percent of back benefits if the suit was won and charging no fee if it was lost. Representing the Plaintiff required a substantial time commitment to her case because Plaintiff's medical records had been accumulating since 2008. The administrative record was approximately 1016 pages. In total, Plaintiff's attorney spent 115 hours working on her case.

Plaintiff's attorney was not responsible for any delay in the receipt of benefits. On the contrary, he worked on Plaintiff's case to the exclusion of other work, he brought arguments

before this Court in a timely manner. The substantial size of the award won in this case is matched by the long hours spent on it. Plaintiff's attorney spent substantial time on the case because of the long medical history associated with it (medical records compiled over 10 years), the numerous times Plaintiff had been denied benefits by the Commissioner at the administrative law and appeal council level and the large number of benefits at stake.

As a result his efforts, Plaintiff's attorney won an award for his client of $165,374.50. Of this award, $41,343.63 was withheld for payment of attorney's fees, representing 25 percent of the past due benefits awarded to Plaintiff, an amount in accord with Plaintiff's contingent-fee agreement with her attorney. Given the 115.00 hours spent on the case, this represents a payment of just over $357.00 per hour which is a low hourly rate, as reported by the Government in its Response to this Motion. Upon considered review of the points raised by the Government in its Response, the court determines that these points do not warrant a determination that the fee requested is unreasonable under the standard set forth in *Gisbrecht*.

For the aforementioned reasons, this Court GRANTS Plaintiff's attorney's motion for attorney fees in the amount of $41,343.63, representing 25 percent of the past due benefits, the amount due based upon the Plaintiff's contingent-fee agreement. This fee will be paid out of the sums withheld from Plaintiff's benefits as provided by law.

SO ORDERED.

This 17th day of September, 2019.

Louise W. Flanagan
UNITED STATES DISTRICT COURT JUDGE